

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **INDICTMENT** CR-09-349 DSD/SRN |
| | ) | |
| Plaintiff, | ) | (18 U.S.C. § 371) |
| | ) | (18 U.S.C. § 981) |
| v. | ) | (18 U.S.C. § 982) |
| | ) | (18 U.S.C. § 1349) |
| 1. JOSEPH L. FINNEY, and | ) | (18 U.S.C. § 1956(h)) |
| 2. MARK S. SUTTON, | ) | (21 U.S.C. § 853(p)) |
| | ) | (28 U.S.C. § 2461(c)) |
| Defendants. | ) | |

THE UNITED STATES GRAND JURY CHARGES THAT:

1.    Except as hereinafter noted, at all times material and relevant herein:

   a.    JOSEPH L. FINNEY was a resident of the State of Colorado.

   b.    MARK S. SUTTON was a resident of the State of Minnesota.

   a.    Envestclub was an entity run by FINNEY that was promoted as a vehicle for purported high yield investments.

   b.    Tabletalk Research, Inc. was a domestic corporation organized under the laws of the State of Nevada and operated at least in part by a person known to the Grand Jury.  The same person also operated a bank account under the name Tabletalk.

   c.    Passion Ministries was a domestic corporation organized under the laws of the State of Nevada and operated at least in part by a person known to the Grand Jury.  The same person also operated a bank account under the name Passion Ministries.

   d.    Midwest Consultants, LLC was a limited liability company organized under the laws of the State of Nevada and operated and owned by SUTTON.  Sutton also operated a bank account under the name Midwest Consultants.

-1-



NOV 17 2009

FILED _____

RICHARD D. SLETTEN

JUDGMENT ENTD _____

DEPUTY CLERK _____

U.S. v. Joseph L. Finney, et al.

     e.    Providence Consortium was a domestic corporation organized under the laws of the State of Nevada and operated at least in part by SUTTON.  Sutton also operated a bank account under the name Providence Consortium.

     f.    Admiral Aviation, LTD was a domestic corporation organized under the laws of the State of Nevada and operated at least in part by FINNEY.  FINNEY also operated a bank account under the name Admiral Aviation.

     g.    Berbrook, LTD was a domestic corporation organized under the laws of the State of Nevada and operated at least in part by FINNEY.  FINNEY also operated a bank account under the name Berbrook.

    2.    In approximately 1999, defendants FINNEY and SUTTON along with other persons known and unknown to the grand jury began executing a scheme to defraud by offering and selling participation in purported high-yield investments.

    3.    As part of the scheme to defraud, defendants FINNEY and SUTTON and others known and unknown to the grand jury made and caused to be made false statements to investors, including but not limited to promising high profits, asserting that the investments were recognized or guaranteed by certain government agencies and prominent financial community members, stating that the investments were safe, and claiming that the investments must be made in large liquid amounts and kept secret from third parties.

    4.    As part of the scheme to defraud, defendants FINNEY and SUTTON and others known and unknown to the grand jury concealed and did not disclose to investors material facts, including but not

U.S. v. Joseph L. Finney, et al.

limited to their personal profit realized by taking for their own use funds that were supposed to be invested, that various types of investment vehicles described to investors did not actually exist, and that their own backgrounds and conduct made them untrustworthy as investment managers.

5.     In reality, the purported investments described and sold by the defendants FINNEY and SUTTON and others known and unknown to the grand jury were not as described but were, instead, a Ponzi scheme whereby funds invested were used to repay or provide purported returns on prior investments in order to maintain the illusion of a successful, secure investment program.   In addition to using invested funds to repay prior investments, the defendants diverted a portion of the proceeds for their own benefit.

6.     As part of the scheme to defraud, defendants FINNEY and SUTTON and others known and known to the grand jury used fraudulent descriptions, corporate names, and bank accounts in corporate names to receive, transfer, and conceal proceeds from the scheme and other assets and to enable them to better perpetuate the scheme. Some the funds received by defendant SUTTON, for example, were paid into an account in the name of Midwest Consultants, a limited liability company created outside the State of Minnesota, where SUTTON resided, and which was also used for purposes besides the investment program.   Further, though SUTTON was paid commissions

-3-

for obtaining new investments, his payments were falsely described in written records as hourly "research."  SUTTON also used false liens asserted through an entity using the name "Midwest" to attempt to hide assets from investors and, as set forth below, from government taxing authorities.

7.    Through their scheme to defraud, FINNEY and SUTTON and the others known and unknown to the grand jury obtained millions of dollars from victims across the United States.

## COUNT 1
(Conspiracy to Commit Mail Fraud and Wire Fraud)

8.    The grand jury realleges paragraphs 1 through 7.

9.    From in or about May 2000 to in or about June 2008, both dates being approximate and inclusive, within the State and District of Minnesota and elsewhere, the defendants,

**JOSEPH L. FINNEY and
MARK S. SUTTON,**

knowingly conspired with each other, and other persons known and unknown to the Grand Jury, to commit the following offenses against the United States:

(1)    having devised and intending to devise a scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations, and promises and for the purpose of executing the scheme and artifice, and attempting to do so, placed and caused to be placed in post offices and authorized depositories for mail matter and deposited and caused to be deposited to be sent and delivered by private or commercial interstate carrier, matter and things to be sent and delivered

-4-

U.S. v. Joseph L. Finney, et al.

according to the directions thereon, in violation of Title 18, United States Code, Section 1341; and

(2) having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing the scheme and artifice, and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce, any writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## MANNER AND MEANS

10. The defendants, along with others known and unknown to the Grand Jury, made material misrepresentations and omitted material facts as they marketed and sold a purported investment program, as set forth above.

11. The defendants, along with others known and unknown to the Grand Jury, issued statements to and engaged in discussions with investors, knowing that material misrepresentations and omissions had occurred as set forth above and knowing that the information provided to the investors did not describe the true nature, riskiness, or value of their purported investments.

12. The defendants, along with others known and unknown to the Grand Jury, concealed the financial benefits they received from the scheme to defraud by conducting financial transactions using various entities to obtain the proceeds of the scheme as set forth above.

U.S. v. Joseph L. Finney, et al.

13.   In furtherance of the conspiracy and to effect its objectives, within the District of Minnesota and elsewhere, at least one member of the conspiracy committed and caused to be committed at least one of the following:

### OVERT ACTS

1.   On or about June 23, 2005, $5,800.00 was wired from a Wells Fargo bank account in the name of Admiral Aviation, LTD to an investor.

2.   On or about July 22, 2005, Passion Ministry's Bank of America account received a $4,000.00 wire transfer from an account at Wells Fargo Bank in the name of Admiral Aviation, LTD.

3.   On or about November 3, 2005, $5,000.00 was wired from a Berbrook, LTD Wells Fargo bank account to an investor.

4.   In or about December 2005, FINNEY caused statements to be prepared and mailed to the investors in Envestclub.

5.   In or about June 2008, FINNEY contacted an investor in Envestclub to counsel the investor on his investment.

All in violation of Title 18, United States Code, Section 1349.

### COUNT 2
(Money Laundering Conspiracy)

14.   The grand jury realleges paragraphs 1 through 13 and all subparagraphs.

15.   From sometime prior to January 2, 2001 to on or about July 22, 2005, in the District of Minnesota and elsewhere, the defendants,

**JOSEPH L. FINNEY and
MARK S. SUTTON,**

-6-

U.S. v. Joseph L. Finney, et al.

did knowingly and willfully conspire with each other, and other

persons known and unknown to the Grand Jury, knowingly and

willfully to:

> conduct and attempt to conduct financial transactions
> affecting interstate commerce, namely, transfer the
> proceeds of specified unlawful activity, namely using
> different accounts of one or more coconspirators to
> transfer proceeds to themselves or for their benefit,
> which transactions involved the proceeds of a
> specified unlawful activity, namely, mail fraud and
> wire fraud and the conspiracy described herein,
> knowing that the property involved in the financial
> transactions represented the proceeds of some form of
> unlawful activity and knowing in whole and in part to
> conceal and disguise the nature, source, ownership,
> and control of the proceeds of the specified unlawful
> activity;

> conduct and attempt to conduct financial transactions
> affecting interstate commerce, namely, the payment to
> various entities and persons, knowing the financial
> transactions represented the proceeds of some form of
> unlawful activity and knowing that the transactions
> were designed in whole and in part to promote the
> carrying on of specified unlawful activity, namely the
> mail fraud and wire fraud and conspiracy described
> herein; and

> engage in and attempt to engage in monetary
> transactions by, through, or to a financial
> institution affecting interstate commerce in
> criminally derived property of a value greater than
> $10,000, such property having been derived from a
> specified unlawful activity.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 3
(Conspiracy to Defraud the United States)

16. From in or about November 1999, the exact date being

U.S. v. Joseph L. Finney, et al.

unknown to the Grand Jury, and continuing thereafter up to and
including October 28, 2005, in the State and District of Minnesota,
the defendant,

**MARK S. SUTTON,**

did unlawfully, willfully, and knowingly conspire, combine,
confederate, and agree together and with others known and unknown
to the Grand Jury to willfully attempt to evade and defeat the
payment of a co-conspirator's federal income tax liability for the
years 1991 and 1992 in violation of Title 26, United States Code,
Section 7201.

17.  The manner and means by which the conspiracy was sought
to be accomplished included among other things, setting up a trust
and using a corporate name to help a co-conspirator conceal funds
and assets from the Internal Revenue Service and providing advice
and referrals to a co-conspirator regarding how to correspond with
the Internal Revenue Service in a manner designed to evade the
payment of taxes.

18.  In order to effect the objects of the conspiracy and in
furtherance of the conspiracy, a co-conspirator committed and
caused to be committed the following overt acts in the District of
Minnesota and elsewhere:

1.  On or about April 3, 2004 a co-conspirator signed, dated
    and mailed to the IRS a "Declaration of Material Facts."
    The statement contained 44 numbered items, including a
    false claim that the author "is not and never has been a

U.S. v. Joseph L. Finney, et al.

citizen or resident of the geographical United States, including the District of Columbia, Puerto Rico, the Virgin Islands, Guam, American Samoa, and the Northern Mariana Islands. (See definitions of 'United States', 'State', and 'citizen' at 26 CFR § 31.3121(e)-1; see also definitions of 'United States' & 'State' at 26 U.S.C. subsections 7701(a)(9)&(10))."

2.     On or about February 10, 2004, a co-conspirator sent an email to SUTTON stating: "Hi Mark, You've got my Sugar Bay Trust documents. What is the identification number?"

3.     On or about February 10, 2004, SUTTON replied back to the co-conspirator's email referenced immediately above.

4.     On or about February 13, 2004 a 1999 Nissan that had been purchased jointly by a co-conspirator and another individual in 2003 was transferred solely into the co-. conspirator's name. Around the same time as the transfer a security interest was filed on the vehicle showing a lien signed by SUTTON, as Manager of Midwest Consulting LLC. The address given for Midwest Consulting is the same as SUTTON's residence.

5.     On or about May 26, 2004, SUTTON referred a co-conspirator to a preparer of frivolous income tax returns known to the Grand Jury.

6.     On or about October 15, 2004, a person known to the Grand Jury sent to the co-conspirator and email explaining how to respond to IRS correspondence with frivolous arguments.

7.     On or about October 28, 2005, SUTTON released the lien Midwest Consulting, LLC had placed on the a Nissan vehicle owned by a co-conspirator.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS

I.     Count 1 of this Indictment is hereby realleged and incorporated as if fully set forth herein by reference for the purpose of alleging forfeitures pursuant to Title 18, United States

Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c).

As a result of the offenses alleged in Count 1 of this Indictment, the defendants,

**JOSEPH L. FINNEY and
MARK S. SUTTON,**

shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), all their right, title and interest in any property constituting, or derived from, proceeds traceable to the violations of Title 18, United States Code, Section 1349.

II.    Count 2 of this Indictment is hereby realleged and incorporated as if fully set forth herein by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

As a result of the offense alleged in Count 2 of this Indictment, the defendants,

**JOSEPH L. FINNEY and
MARK S. SUTTON,**

shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), all their right, title and interest in all property, real and personal, involved in the violations of Title 18, United States Code, Section 1956(h), and in all property

-10-

U.S. v. Joseph L. Finney, et al.

traceable to such property, including the sum of money involved in the violations set forth in Count 2.

III.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      (a)  cannot be located upon the exercise of due diligence;

      (b)  has been transferred or sold to, or deposited with, a third person;

      (c)  has been placed beyond the jurisdiction of the Court;

      (d)  has been substantially diminished in value; or

      (e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 1349, 1956(h), 982(a)(1), 982(a)(2)(A), and 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____        _____
UNITED STATES ATTORNEY             FOREPERSON

-11-