UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Joseph L. Finney (01), and
Mark S. Sutton (02),

    Defendants.

Criminal No. 09-349 DWF/SRN

**REPORT AND RECOMMENDATION**

---

    Robert Lewis, Esq., United States Attorney's Office, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415 for Plaintiff.

    Clifford Barnard, Esq., 4450 Arapahoe Ave. Suite 100, Boulder, Colorado 80303 and Kevin O'Brien, Esq., O'Brien Law Office, 247 3rd Ave. S, Minneapolis, Minnesota 55415 for Defendant Finney.

    William M. Orth, Esq., Law Office of William M. Orth, 247 3rd Ave. S Suite 100, Minneapolis, Minnesota 55415 for Defendant Sutton.

---

**THIS MATTER** comes before the undersigned United States Magistrate Judge on Defendant Sutton's Motion to Suppress Search Warrant Proceeds [Doc. No. 31].[1] The Court received into evidence Government's Exhibit 1, a search warrant, application, and affidavit of Daniel T. Nye for the premises of 13706 Wood Lane, Minnetonka, Minnesota.[2] The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that Defendant Sutton's motions be denied.

---

[1] The defendants' other motions are addressed in a forthcoming Order and Report and Recommendation by United States Magistrate Judge Susan Richard Nelson.

[2] The Government's Exhibit did not include the List of Items to Be Seized as referenced in the warrant. The Court obtained a copy of the List of Items to Be Seized from the Clerk's Office in the search warrant return on November 22, 2006 (File No. 06-mj-433).

## I. FINDINGS OF FACT

The Government filed an Indictment against Defendants Joseph L. Finney (01) and Mark S. Sutton (02) on November 17, 2009 [Doc. No. 1] charging both Defendants with conspiracy to commit mail fraud and wire fraud and with a money laundering conspiracy and charging Defendant Sutton with an additional count of conspiracy to defraud the United States. Defendant Sutton's motion stems from the execution of a search warrant at his home at 13706 Wood Lane in Minnetonka, Minnesota, on November 21, 2006. The following facts are taken from Government's Ex. 1.

At the time of the warrant application, Special Agent Daniel Nye had been employed with the Criminal Investigation Division of the Internal Revenue Service (IRS) for more than twenty years. He has training and experience investigating and executing search warrants for violations of the Internal Revenue Code and related laws. In addition to reviewing IRS documentation, investigators seized trash from Defendant Sutton's residence between July 11, 2005 to January 9, 2006.

When Agent Nye applied for the warrant, Mark Sutton had not filed a legitimate tax return since 1998. In June 2000, Defendant Sutton and his wife filed amended returns for the tax years 1997 and 1998 claiming a refund of all the taxes previously paid for those two years because "[c]lient is not a United States citizen. Client has no income from a U.S. source." The amended tax returns were prepared by L. Scott Roberts, who was convicted in 2004 of defrauding the United States through fictitious and fraudulent claims.

For the 1999 tax year, Defendant Sutton filed a 1040NR-EZ, a tax return for nonresident aliens with no dependents. The return reflected Sutton had no income and again stated that Sutton was not a United States citizen and had no income from a U.S. source. This return was

also prepared by L. Scott Roberts. The IRS considered Defendant Sutton's 1999 return frivolous.

Defendant Sutton did not file any tax returns for the 2000 and 2001 tax years. Defendant Sutton did send the IRS correspondence with continued frivolous arguments regarding his 2000 and 2001 tax returns. In March 2003, The IRS received a Declaration of Material Facts regarding Mark Sutton's 2000 tax year. The declaration included a statement that Defendant Sutton "is not and never has been a citizen or resident of the geographical United States." The IRS deemed the submission frivolous. Other than an extension to file for the 2002 tax year, Defendant Sutton did not file any individual income returns, correspondence, or other filings for the tax years 2002, 2003, 2004 or 2005. Spreadsheets found in Defendant Sutton's trash between July 2005 and January 2006 projected his income for 2005 to be between $150,000 to $670,000. Hennepin County property records indicated Defendant Sutton and his wife owned the property at 13706 Wood Lane in Minnetonka.

Wile Sutton did not file individual tax returns for several years, he did file partnership and 1120S returns for two businesses, Midwest Consultants LLC and Midwest Auditing Services Inc. The returns reported income and deductions and did not include any frivolous arguments. The business entities filed returns through 2005. The Schedule K-1s, Partner's share of Income, Credits and Deductions, Etc., reflected Defendant Sutton had partnership interests in both businesses. Both Midwest Consultants and Midwest Auditing Service, Inc. had income in the years 2001, 2003, 2004 and 2005, but Midwest Consultants showed a loss for 2002.

During a trash search, investigators found a copy of a questionnaire for the NPC Group, SA, a Canadian firm. The purpose of the form was to "assist us in better determining your

3

offshore needs." The questionnaire reflected that Defendant Sutton had $1,000,000 to $3,000,000 of "liquid assets available for inclusion in your offshore structure."

As detailed in Agent Nye's Affidavit, documents retrieved in searches of Defendant Sutton's trash also revealed his involvement in an alleged High Yield Investment Program (HYIP) fraud scheme. The details and common features of such schemes are outlined in the affidavit based on information from FBI Special Agent Paul A. Jacobs of Greenville, South Carolina. In such HYIP schemes, the perpetrator claims to have access to secret financial trading programs sanctioned by the Federal Reserve Bank, the Treasury Department, the International Monetary Fund, or some other entity involved in international monetary transactions or policy. The searches of Defendant Sutton's trash revealed several versions of a Joint Intermediary Fee Agreement between July 2005 and October 2005. On August 1, 2005, agents seized an email from Defendant Sutton's trash showing the transaction referenced in the Joint Intermediary Fee Agreement was an alleged HYIP fraud. The mail concerned whether the investor had verifiable proof of funds to satisfy the Treasury Department and references to the Treasury Department approving the contract. Other seized documents suggested Defendant Sutton was going to have corporate entities based in Jersey in the Channel Islands to handle his share of money from the investor. The searches of Defendant Sutton's trash also revealed emails from Defendant Finney "exhorting the participants to make sure the deal went through." The Affidavit noted that Defendant Finney plead guilty in 2003 in the District Court of South Carolina for his participation in another attempted HYIP scheme. Trash seized on October 2, 2006, included a printout of an email to Defendant Sutton regarding an "Offshore Tax Free Loan Program" as a way to repatriate offshore money.

Agent Nye attested that, based on his training and experience, people keep records relating to their financial transactions and affairs at their residence, including electronic records on a computer. The application sought a warrant to seize cash; records, journals, invoices or other documents reflecting large disbursements of cash; bank account information; receipts or books related to financial transactions of businesses operated by Defendant Sutton; records of telephone toll calls; records identifying sources of cash, income, or sales; bank statements; check registers; address books; precious metals or stones; and computer storage media. Magistrate Judge Susan Richard Nelson issued the warrant on November 20, 2006 at 5:05 pm.

## II. CONCLUSIONS OF LAW

Defendant Sutton challenges the search warrant issued in this case based upon a lack or probable cause on the four corners of the supporting affidavit.

### 1. The Affidavit in Support of the Search Warrant Contained Sufficient Probable Cause for the Issuance of the Warrant.

Searches conducted pursuant to a warrant are reviewed to determine whether the information in the warrant application and supporting affidavit provided probable cause for the search. Illinois v. Gates, 462 U.S. 213, 236 (1983). "Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place." United States v. Fladten, 230 F.3d 1083, 1085 (8th Cir. 2000) (citing Gates, 462 U.S. at 236). When there is no evidence presented to a magistrate judge regarding a search, the probable cause determination is made only on that information which is found within the four corners of the affidavit supporting the warrant. United States v. Hudspeth, 525 F.3d 667, 674 (8th Cir. 2008); United States v. Olvey, 437 F.3d 804, 807 (8th Cir. 2006).

When determining whether probable cause exists, a court does not evaluate each piece of information independently, but, rather, considers all of the facts for their cumulative meaning. United States v. Allen, 297 F.3d 790, 794 (8th Cir. 2002). The task of a court issuing a search warrant is "simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit . . . including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Gates, 462 U.S. at 238; see also United States v. Salter, 358 F.3d 1080, 1084 (8th Cir. 2004).

In reviewing the decision of the court who issued the warrant, this Court must ensure that the issuing court "had a substantial basis for . . . conclud[ing] that probable cause existed." United States v. Oropesa, 316 F.3d 762, 766 (8th Cir. 2003). Because reasonable minds may differ on whether a particular search warrant affidavit establishes probable cause, the issuing court's determination is accorded great deference. United States v. Wajda, 810 F.2d 754, 760 (8th Cir. 1987).

The Court concludes that, given the totality of the circumstances described in the affidavit in support of the search warrant executed on November 21, 2006, the information provided in the application for the search warrant is sufficient for a reasonable person to believe there was a fair probability that evidence of a financial crime or fraud would be found at Defendant Sutton's residence. The information from Agent Nye established that Defendant Sutton had not filed tax returns for a number of years and that he purported to be a non-resident of the United States, despite evidence suggesting he did indeed earn income and in fact resided in the United States. Some of the cited tax documents were prepared by an individual convicted of defrauding the United States through fraudulent and fictitious claims. The Affidavit also cited

6

to documents seized in trash searched that were consistent with the common features of HYIP fraud schemes. These documents were connected directly to Defendant Sutton and his residence. Based on the totality of the circumstances, sufficient facts supported the determination of probable cause for issuance of the search warrant for Defendant Sutton's residence.

### 2. **Even If the Search Warrant Was Not Supported By Probable Cause the Good Faith Exception to the Warrant Requirement Would Apply.**

Even if this Court were to determine that the application in support of the search warrant did not provide probable cause for the issuance of the warrant to search Defendant Sutton's residence, law enforcement who executed the search warrants on the residences did so in the good faith belief that the search warrants were supported by probable cause

Even if a search warrant is not supported by probable cause, a court may deny a suppression motion if the good-faith exception applies. Under the good-faith exception to the exclusionary rule, "evidence seized pursuant to a search warrant . . . that is later determined to be invalid, will not be suppressed if the executing officer's reliance upon the warrant was objectively reasonable." United States v. Proell, 485 F.3d 427, 430 (8th Cir. 2007); United States v. Ross, 487 F.3d 1120, 1122 (8th Cir. 2007) (both citing United States v. Leon, 468 U.S. 897, 923 (1984)). The Leon good-faith exception is lost, however, when an officer relies on a warrant for which the supporting affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Leon, 468 U.S. at 923; Ross, 487 F.3d at 1122.

When an affidavit fails to establish a nexus between a residence and contraband, it still would not be "entirely unreasonable" for the executing officer "to believe that such an inference was permissible." United States v. Carpenter, 341 F.3d 666, 671 (8th Cir. 2003); see also

7

Proell, 485 F.3d at 432. Courts must apply the good faith exception "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." Leon, 468 U.S. at 920. Ordinarily, "an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient . . . Penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations." Id. at 921.

In this case, even if the search warrants were not supported by probable cause, they were not "so lacking in indicia of probable cause" that it was unreasonable for the executing officers to rely on the warrants. The affidavits provided significant details connecting Defendant Sutton to an alleged investment fraud scheme and suggesting the concealment of income and assets from the IRS. The executing agents had a good faith belief that the search warrant was supported by probable cause, as it had been issued by United States Magistrate Judge Susan Richard Nelson, who determined that probable cause existed. Considering the totality of the circumstances, the Court concludes that it was objectively reasonable for the officers to rely on the validity of the search warrant and, therefore, the Court recommends that Defendant Sutton's motion to suppress be denied.

### III. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant Sutton's Motion to Suppress Search Warrant Proceeds [Doc. No. 31] be **DENIED.**

Dated: April 22, 2010 \_s/ Franklin L. Noel _____
Franklin L. Noel
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **May 7, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.