UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 09-349(1)(DWF/SRN)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>JOSEPH L. FINNEY,<br><br>        Defendant. | **MOTION FOR REVOCATION OF PRETRIAL RELEASE** |

The United States of America, by and through its attorneys, B. Todd Jones, United States Attorney for the District of Minnesota and Assistant U.S. Attorney Robert M. Lewis, hereby moves the court for revocation of pretrial release of defendant Joseph L. Finney, inasmuch as defendant has violated the terms of his pretrial release.

This motion is based on the following:

1.  On November 17, 2009, the defendant was indicted in this District for conspiracy to commit mail and wire fraud and conspiracy to commit money laundering. The Indictment alleges that the defendant conspired with others to run a Ponzi scheme involving victims across the United States. [See Dkt. 1]

2.  Defendant was arrested in Colorado Springs, Colorado pursuant to a warrant issued by this Court in connection with the Indictment, and he appeared in the District Court for the District of Colorado on November 24, 2009. [See Dkt. 13 (Rule 5 documents)]

3.   The Hon. Craig B. Shaffer, United States Magistrate Judge of the District of Colorado, ordered the defendant released on a $50,000 unsecured bond subject to certain conditions. Among the conditions were that

> The defendant must: . . . **avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution**, including but not limited to: no contact with any listed victim and no contact with co-defendant Mark Sutton with exception to Court.

[Dkt. 13 (Rule 5 documents) at 10] (emphasis added). The terms and conditions of release were read and acknowledged by the defendant. [Id. at 11]

4.   On December 7, 2009 the defendant made his initial appearance in the District of Minnesota. Again the defendant was released on an unsecured bond with conditions meant to address the danger of the defendant contacting witnesses and victims, or the possibility of the defendant finding new victims. The conditions, which the defendant read, said he understood, and acknowledged, included:

> The defendant must: . . . **avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution**, including but not limited to: no contact with any listed victim and no contact with co-defendant Mark Sutton except in the presence of counsel.

[Dkt. 18 at 2]

5.   On or about April 26, 2010, an individual contacted the

government about the upcoming trial of the defendant. The individual, F.C., identified himself as a victim in the case. The case agent interviewed F.C. and his wife, B.C., by telephone. In the interview, F.C. and B.C. described the circumstances of their earlier victimization by the defendant.

6. Further, however, F.C. and B.C. described to the agent how the defendant had been in contact with them in December 2009, after he had been ordered not to have any contact with any victim or potential witness in the case. The defendant told the victims that he would be providing them funds by February 15, 2010. (The victims made their original investment with the defendant in 2000 and the defendant has been promising them their money back for more than five years). F.C. and B.C. described having a personal meeting with the defendant at defendant's request as recently as Monday, April 19, 2010. In that meeting, the defendant confided that he was not supposed to talk with F.C. and B.C. because of his pending prosecution, but he was expecting to receive money in the near future and would pay them off.

7. The defendant has blatantly violated the original order of release and the subsequent order of this Court. Given the national scope of his fraud and his willingness to continue lulling communications with his victims notwithstanding the consequences, there is a significant danger that the defendant already has or

will in the future attempt to contact other victims in advance of trial.  This has the effect of not only further victimizing the same people but also could naturally lead witnesses to be reluctant to fully and truthfully testify, out of fear that the defendant going to jail will jeopardize the impeding "payoff" he promises.

    8.  Finally, the defendant appears to have benefitted from his relative distance from the Court and Pretrial Services and has abused the trust that was placed in him.  Detention is necessary to prevent further violation of the Court's orders and, indeed, the defendant's ongoing conduct in furtherance of the underlying fraud.

    WHEREFORE, the United States requests the revocation of defendant's pretrial release.

|  |  |
|---|---|
|  | B. TODD JONES<br>United States Attorney |
| Dated: June 28, 2010 | *s/Robert M. Lewis* |
|  | BY: ROBERT M. LEWIS<br>Assistant U.S. Attorney<br>Attorney ID No. 0249488 |