# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 09-349(1) (DWF/SRN) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Joseph L. Finney (1), | |
| Defendant. | |

Clifford J. Barnard, Esq., Law Office of Clifford J. Barnard, and Kevin M. O'Brien, Esq., Law Office of Kevin M. O'Brien, counsel for Defendant Finney.

This matter is before the Court on Defendant Joseph L. Finney's ("Defendant") *Ex Parte* Application for Issuance of Amended Subpoenas *Duces Tecum* on Behalf of Defendant Finney (Doc. No. 88). On July 1, 2010, in an Order that was filed under seal at the request of the defense, this Court granted Defendant Finney's request for the issuance of five subpoenas *duces tecum*. In that Order, consistent with most similarly situated subpoenas *duces tecum*, whether they have been applied for on an *ex parte* basis or not, a date for appearance before the Court was the first date of trial, namely, October 4, 2010. Now, Defendant asserts that he would like to review the documents prior to the first date of trial without explaining either the basis for the *ex parte* application, the entitlement to the records, and why the rules of discovery related to all criminal cases, pursuant to the Federal Rules of Criminal Procedure, have not been utilized for these

records. Consequently, it is the intent of the Court to require the Defendant to explain the legal basis for his *ex parte* application as well as the legal basis to access a third-party's records and other information by utilization of an *ex parte* application for pretrial subpoenas *duces tecum* as opposed to Rule 16 of the Federal Rules of Criminal Procedure.

Based upon the *ex parte* request and presentation of Defendant, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.	Defendant Joseph L. Finney's *Ex Parte* Application for Issuance of Amended Pretrial Subpoenas *Duces Tecum* on Behalf of Defendant Finney (Doc. No. [88]) for the purpose of reviewing records and documents on or about September 22, 2010, is respectfully **DENIED WITHOUT PREJUDICE**. In turn, the Court directs and requires the Defendant to file with the Court a letter brief, with or without affidavit support, explaining the legal basis for the *ex parte* application, the basis for access prior to the date of the trial, and why the records in question that the Defendant seeks are beyond the reach of Rule 16 of the Federal Rules of Criminal Procedure.

Dated: September 3, 2010	s/Donovan W. Frank
	DONOVAN W. FRANK
	United States District Judge

## MEMORANDUM

Under limited circumstances, both the Government and a defendant may make an *ex parte* application for a pretrial subpoena *duces tecum*, although Fed. R. Crim. P. 17(c) does not contain a similar authorization, as does Fed. R. Crim. P. 17(b), which permits an *ex parte* application by a defendant unable to pay to secure the attendance of a witness at trial. *See* 2 Wright & Henning, Federal Criminal Procedure: Criminal 4th § 275.

Moreover, while Fed. R. Crim. P. 17(c) does not ordinarily permit the use of *ex parte* applications by either party for subpoenas seeking pretrial production of materials unless the sole purpose of seeking the documents is for use at trial, there are limited persuasive exceptions. The Court finds *United States v. Fox*, 275 F. Supp. 2d 1006, 1012 (D. Neb. 2003) (citing *United States v. Beckford*, 964 F. Supp. 1010 (E.D. Va. 1997)) and Wright & Henning persuasive. Even assuming an *ex parte* application for a subpoena *duces tecum* prior to trial is for the sole purpose of presenting evidence at trial, absent exceptional circumstances, such pretrial production of documents should take place in the presence of the adversary. There are and will be cases where an application for pretrial subpoenas *duces tecum* will be granted, but denied if the application is made on an *ex parte* basis. This Court agrees with the observation made by Judge Kopf in *Fox* that it should be the exceptional case where such pretrial applications need to be considered on an *ex parte* basis without notice to opposing counsel.

A defendant must show good cause for production before trial. The Court also finds persuasive Judge Weinfeld's approach noted in Wright & Henning in *United States*

*v. Iozia*, 13 F.R.D. 335, 338 (S.D. N.Y. 1952), where Judge Weinfeld required that the defendant make a showing:  (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable by the defendant reasonably in advance of trial by exercise of due diligence; (3) that the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition.  Those grounds were again stated in *United States v. Nixon*, 418 U.S. 683, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974), when the United States Supreme Court stated that the hurdles were:  (1) relevancy, (2) admissibility, and (3) specificity.  2 Wright & Henning, Federal Criminal Procedure: Criminal 4th § 275.  *See also Fox*, 275 F. Supp. 2d 1006 and *Beckford*, 964 F. Supp. 1010.

Consequently, the Court, in the instant case, respectfully requests that the Defendant make a showing, as indicated above.  For these reasons, the Court has respectfully denied the *ex parte* request, but has done so without prejudice.

D.W.F.